UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CARLOS COLLADO, on behalf of himself and all others similarly situated,

                              Plaintiff,

-v-

TOYOTA MOTOR SALES, U.S.A. INC.,

                              Defendant.

No. 09 Civ. 7151 (RJS)
ORDER

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/19/10

---

ELIOT FIXLER, on behalf of himself and all others similarly situated,

                              Plaintiff,

-v-

TOYOTA MOTOR SALES, U.S.A. INC.,

                              Defendant.

No. 10 Civ. 1188 (RJS)
ORDER

---

RICHARD J. SULLIVAN, District Judge:

      Plaintiffs bring these related putative class actions on behalf of a proposed nationwide class of Toyota customers. For the reasons stated below, the actions are hereby transferred to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a).

      The *Collado* action was filed in the United States District Court for the Central District of California on May 1, 2009. On July 27, 2009, the parties appeared before the Honorable Manuel L. Real, District Judge, for argument on Defendants' motion to dismiss the complaint. Without hearing argument from counsel, Judge Real *sua sponte* ordered the action transferred to this district, as the one named Plaintiff— Carlos Collado — resided here and Judge Real believed that New York law would apply to the case. (Tr. July 27, 2009, at 4:19-5:5.)[1]

      Since the *Collado* case was transferred to this Court, several important facts have changed. Plaintiffs

---

[1] A copy of the transcript of the proceeding before Judge Real is attached to this Order.

have amended their complaint, and they now name eight plaintiffs, only one of whom resides in New York. (Am. Compl. ¶¶ 6-13.) Equally importantly, the parties agree that California law must be applied in resolving Defendant's motion to dismiss. (*Id.* ¶¶ 88-95; Def.'s Opp'n at 2 n.1.) In justifying the choice of California law, the amended complaint pleads that Toyota's principal offices are located in California (Am. Compl. ¶ 89), a quarter of the proposed class is located in California (*id.*), the conduct complained of occurred in California (*id.*), and the personnel who made the decisions complained of are located in California (*id.* ¶¶ 90-93). Of the twelve counsel who have appeared in this case, moreover, all but one is located in California.

On February 16, 2010, the *Fixler* action was filed in this district. The action, which names a Florida plaintiff, was presumably brought here because *Collado* had already been transferred to this district. The *Fixler* complaint contains choice-of-law allegations nearly identical to those in the *Collado* complaint, and the *Fixler* complaint accordingly contends that California law applies to that action as well. (Compl. ¶¶ 39-47.)

The Court is mindful of the fact that the *Collado* parties have already endured one change of venue, and it is hesitant to transfer the action once more. Nevertheless, the Court is persuaded that all relevant considerations under law compel the conclusion that these actions belong in California. The Court is also persuaded that the prejudice to the parties will be low, as the briefs that have been filed — which were fully submitted on February 26, 2010, and cite almost entirely to California law — will be particularly useful to a judge well-versed in California law. Accordingly, the Clerk of the Court is respectfully directed to transfer these actions to the Central District of California pursuant to 28 U.S.C. § 1404(a).

DATED:   April 19, 2010
         New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

CARLOS COLLADO, on behalf of )
himself and all others similarly situated,)
                                    )
              Plaintiff,      )No. CV 09-3087 R
                                    )
     vs.                          )
                                    )
TOYOTA MOTOR SALES U.S.A.      )
INC., a California corporation,   )
                                    )
             Defendant.      )

TRANSCRIPT OF PROCEEDINGS

THE HONORABLE MANUEL L. REAL, U.S. DISTRICT JUDGE PRESIDING

LOS ANGELES, CALIFORNIA

JULY 27, 2009

MOTION HEARING

BRIDGET R. MONTERO, CSR 10020, CRR
United States Courthouse
312 North Spring Street, Room 435
Los Angeles, California 90012
www.bridgetmontero.com
Internal File No. 09057

```
 1   APPEARANCES OF COUNSEL:

 2

 3   For the Plaintiff:

 4

 5   The Law Offices of Wasserman, Comden & Casselman, L.L.P.
     BY:  MELLISA M. HARNETT
 6   5567 Reseda Boulevard, Suite 330
     Los Angeles, CA 91357
 7

 8   Girard Gibbs LLP
     BY:  GEOFFREY A. MUNROE
 9   601 California Street, 14th Floor
     San Francisco, CA 94108
10

11

12   For the Defendant:

13

14   Loeb & Loeb LLP
     BY:  MARK D. CAMPBELL
15   10100 Santa Monica Boulevard, Suite 2200
     Los Angeles, CA 90067
16

17

18

19                         - - - - -

20

21

22

23

24

25
```

```
1              MONDAY, JULY 27, 2009; 10:37 A.M.

2                       - - - - -

3

4         THE CLERK:  Item No. 9, CV 09-3087, Carlos

5   Collado, et cetera, v. Toyota Motor Sales.

6         Counsel, your appearances, please.

7         MS. HARNETT:  Good morning, Your Honor.  Melissa

8   Harnett, Wasserman, Comden & Casselman, on behalf of

9   plaintiff.

10        MR. MUNROE:  Good morning, Your Honor.  Geoffrey

11  Munroe on behalf of plaintiff.

12        MR. CAMPBELL:  Good morning, Your Honor.  Mark

13  Campbell of Loeb & Loeb on behalf of defendant and moving

14  party, Toyota Motor Sales.

15        THE COURT:  I believe that this case is in the

16  wrong pew, and pursuant to 1404 of 28 U.S.C., I'm

17  transferring this matter back to the District of New Jersey,

18  where the plaintiff is a resident.

19        Will you prepare the order, Counsel?

20        MR. MUNROE:  Your Honor, I don't believe the --

21  you're saying transferring it back to New Jersey?

22        THE COURT:  Yes, I'm transferring it back to New

23  Jersey.  That's where it belongs.

24        MR. MUNROE:  I don't believe it was originally in

25  New Jersey.
```

```
1              THE COURT:  Well, where -- New York.
2          Where did he buy the car?  I thought --
3              MR. CAMPBELL:  Your Honor, the defendant -- excuse
4    me.  The plaintiff is from New York.  There wasn't an
5    original action filed there, but, clearly --
6              THE COURT:  I'm sorry.  It goes back to New York,
7    the Southern District of New York.  I'm sorry.
8          Plaintiff is not under California law.  He's under
9    New York law.  It's going back to New York.
10         Prepare the order.
11         Not "back to New York"; it's going to New York in
12   the first place.  That's where it should have been.
13             MS. HARNETT:  Your Honor, may I just make one
14   comment?
15             THE COURT:  I beg your pardon?
16             MS. HARNETT:  May I please address the Court?
17         Your Honor, the defendant is a California
18   domiciled corporation, and so under the applicable law --
19             THE COURT:  The plaintiff is shopping for a
20   district, trying to apply California law to something that
21   belongs in New York.
22             MS. HARNETT:  It's --
23             THE COURT:  It would be New York law that would
24   control his cause of action.
25             MS. HARNETT:  Your Honor, it's a putative class
```

```
 1   action on behalf of a nationwide class, and the
 2   applicable --
 3             THE COURT:  He is a resident of New York, and he
 4   can't represent everybody in California, under California
 5   law.  All right.
 6             MS. HARNETT:  Thank you, Your Honor.
 7             (Proceedings concluded at 10:39 p.m.)
 8                       C E R T I F I C A T E
 9
10             I hereby certify that the foregoing is a true and
11   correct transcript from the stenographic record of the
12   proceedings in the foregoing matter.
13
14   _____
     Bridget R. Montero              Date:  July 31, 2009
15   Official Court Reporter
     CSR No. 10020
16
```